IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tracy Barnes, III, ) | |
| ) | Cr. No. 1:08-947 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Tracy Barnes, III pleaded guilty on January 27, 2009, to armed bank robbery and in violation of 18 U.S.C. §§ 2113(a), 2113(d), and § 2 (Count 2); and knowing use and carrying of a firearm during and in relation to, and possession of the firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii) (Count 3). A presentence investigation report was prepared that reported Movant has two convictions for a controlled substance offense which served as predicate offenses for career offender status under U.S.S.G. § 4B1.1. Movant's criminal history category was 6. He received a 2-level increase because he was on supervised release at the time of the offense, for a total criminal history points of 8 and an initial criminal history category of IV. However, because Movant had been convicted of two prior controlled substance abuses, and because the instant offense involved a crime of violence, Movant was determined to be a career offender pursuant to § 4B1.1. Because Movant was designated as a career offender, his criminal history category increased to VI.

As to Count 2, the base offense level was 20. Movant received a two-level enhancement because property of a financial institution was taken. Movant received a chapter four enhancement as a career offender, for an offense level of 34. He received a 3-level departure for acceptance of

responsibility, which resulted in a total offense level of 31. Movant's guidelines range was 188-235 months as to Count 2, plus 84 months consecutive as to Count 3. Movant was sentenced on September 30, 2009, to incarceration for a period of 272 months, consisting of 188 months as to Count 2 and 84 months as to Count 3, to be served consecutively. Judgment was entered on October 2, 2009.

On April 14, 2016, Movant, proceeding pro se, filed the within motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Respondent United States of America filed a motion for summary judgment on May 16, 2016. On May 17, 2016, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition on June 6, 2016.

## DISCUSSION

Movant grounds his argument on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In Johnson, the Supreme Court interpreted a portion of the Armed Career Criminal Act (ACCA) that mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm, if the offender has three or more convictions for a serious drug offense or violent felony. See 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 924(e)(1), "a person who has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years[.]" Under § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

As noted hereinabove, Movant pleaded guilty to using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii). Under 18 U.S.C. § 924(c)(3),

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Movant argues that § 924(c)(3)(B) includes unconstitutionally vague wording similar to that found in the "residual clause" of § 924(e)(2)(B) and, consequently, his underlying conviction for armed bank robbery should not be considered to be a crime of violence under what Movant argues is the "residual clause" § 924(c)(3)(B). Movant's argument is without merit because the Fourth Circuit court of appeals has determined armed bank robbery is a crime of violence under § 924(c)(3)(A), which is the "force clause" of § 924(c)(3).

In United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016), the Fourth Circuit observed that armed bank robbery has four elements taken from both §§ 2113(a) and 2113(d):  (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of,

a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. The Fourth Circuit, citing to United States v. Atkins, 937 F.2d 947 (4th Cir. 1991), and United States v. Davis, 915 F.2d 132 (4th Cir. 1990), noted that armed bank robbery is a crime of violence under the "force clause" of either § 924(c)(3)(A) or U.S.S.G. § 4B1.2, because the offense has "'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" McNeal, 818 F.3d at 152. Movant's assertions are without merit.

## CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 347) is **granted**. Movant's § 2255 motion (ECF No. 353) is **denied** and dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

set forth hereinabove.  Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

/s/  Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 15, 2017